IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON STEEL CORPORATION
LIQUIDATING TRUST, Successor in
Interest to Weirton Steel Corporation,

           Plaintiff,

v.                                                     Civil Action: 5:07-CV-122
                                                       (Senior Judge Stamp)

ZURICH SPECIALITIES LONDON, LTD.,

            Defendant.

**MEMORANDUM, OPINION, AND ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR DOCUMENTS AND FOR SANCTIONS**

On January 20, 2009 came the above named Plaintiff, by Denise Knouse-Snyder, Ronald W. Crouch and Erin N. Fischer, and the above named Defendant, by Heather F. Kittredge and John H. Tinney, Jr., in person, and by Cheryl P. Vollweiler, via telephone, for an evidentiary hearing and argument on Plaintiff's Second Motion to Compel Discovery.[1] Testimony was not taken, and no other evidence was introduced.

## I. INTRODUCTION

A.    <u>Background</u>

Plaintiff, Weirton Steel Corporation Liquidating Trust ("WSCLT") brought suit in this Court for breach of contract-service interruption and breach of contract-time element. WSCLT

---

[1] Doc. No. 63

is the successor in interest to the bankruptcy estate of Weirton Steel Corporation.[2]

The dispute arose over WSCLT's efforts to obtain coverage under an insurance policy issued by Defendant, Zurich Specialities London, LTD. ("Zurich"). Zurich issued a policy to Weirton Steel Corp. providing primary coverage for, *inter alia*, property damage and time element loss, *i.e.* loss of earnings and income as well as coverage for additional expenses occasioned by the permanent or temporary loss of property or services. On February 3, 2004, Weirton Steel Corp. provided a written notice of loss to Zurich as require by the policy. Weirton Steel Corp. had lost a supply of coke from U.S. Steel and sustained a loss in the amount $42,028,566.00. Weirton Steel Corp. subtracted the $5,000,000 deductible pursuant to the policy and originally made a claim for $37,028,566.00. Weirton Steel Corp. later amended its claim to $39,075,767.00. Zurich has refused, and continues to refuse, to make payment on the claim.

The parties engaged in discovery and a dispute arose.

B.  The Motion

Plaintiff's Second Motion to Compel Answers to Plaintiff's First Set of Interrogatories and Requests for Documents and for Sanctions[3]

C.  Decision

Plaintiff's Motion to Compel is **GRANTED** as hereinafter set forth.

---

[2] On May 19, 2003, Weirton Steel Corporation filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. By Order dated April 22, 2004, the United States Bankruptcy Court for the Northern District of West Virginia approved the sale of the operating assets of Weirton Steel to a wholly-owned affiliate of International Steel Group, Inc., ISG Weirton, Inc.

[3] Doc. No. 63

## II. FACTS

1. On November 4, 2008, Plaintiff filed its first Motion to Compel.[4]

2. An Evidentiary Hearing and Argument on Plaintiff's first Motion to Compel was held on November 24, 2008.[5]

3. On November 26, 2008, an Order was entered whereby Zurich was ordered to file its supplemental responses to discovery on or before December 15, 2008. The Court reminded the defendant that general objections are prohibited by the Federal Rules of Civil Procedure.[6]

4. Zurich failed to respond appropriately by the Court deadline.

5. Counsel for Plaintiff has attempted to resolve the outstanding discovery issues to no avail.

6. Despite the Court's warning, Zurich continues to object generally throughout its responses.

7. Pursuant to the Scheduling Order, the deadline for completion of discovery in this action, as of the date of this Order, is March 9, 2009.[7]

## III. PLAINTIFF'S MOTION TO COMPEL

A. Contentions of the Parties

Plaintiff contends that it has attempted to confer with Defendant in an effort to secure the disclosures without Court action. Plaintiff contends that the great majority of Defendant's

---

[4] Doc. No. 53

[5] Doc. No. 58 & 60

[6] Doc. No. 59

[7] Doc. No. 27

responses were unresponsive, incomplete or objected to in violation of the Federal Rules of Civil Procedure. Plaintiff seeks sanctions in accordance with Rule 37(b)(2).

Defendant responded by saying that the issues raised in Plaintiff's Second Motion to Compel are moot or will be in the near future and any delay is in no way the fault of Zurich. Defendant responds that supplemental requests are forthcoming. Furthermore, Defendant argues against the imposition of sanctions because it claims it has not acted in bad response is sufficient

B. <u>The Standards</u>

1. <u>Discovery - Scope</u>. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Fed. R. Civ. P. 26(b)(1).

2. <u>Discovery - Scope</u>. A party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In addition, "the discovery rules are given 'a broad and liberal treatment.'" <u>Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc.</u>, 967 F.2d 980, 983 (4th Cir. 1992) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); <u>see</u> <u>also</u> <u>St. Bernard Sav. and Loan Ass'n v. Levet</u>, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26

4

requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[8]

3. <u>Discovery - Relevancy</u>. A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

4. <u>Discovery - Interrogatories</u>. Federal Rule of Civil Procedure 33 governs interrogatories. It states that "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."

5. <u>Discovery - Interrogatories and Time to Respond</u>. Federal Rule of Civil Procedure 33(b)(2) governs time to respond. It states that "The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."

---

[8] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

6. <u>Discovery - Objections to Interrogatories</u>.  All objections must be stated with specificity and any objection not raised is waived.  Fed. R. Civ. P. 33(b)(4).  "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection.  <u>Momah, v. Albert Einstein Medical Center</u>, 164 F.R.D. 412, 417  (E.D. Pa. 1996) (quoting <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982)).

7. <u>Discovery - Motion to Compel</u>.  Motions to compel responses to interrogatories and requests for production are governed by Federal Rule of Civil Procedure 37(a)(2)(B).  This Rule provides that if a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request."  <u>Id.</u>

8. <u>Discovery - Motion to Compel - Burden of Proof</u>.  The party opposing a motion to compel bears the burden of showing why it should not be granted.  <u>Roesberg v. Johns-Manville Corp.</u>, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); <u>Rogers v. Tri-State Materials Corp.</u>, 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

9. <u>Discovery - Duty to Respond Fully and Completely - No Gamesmanship</u>:  Parties must respond truthfully, fully and completely to discovery or explain truthfully, fully and completely why they cannot respond.  Gamesmanship to evade answering as required is not allowed.  <u>Hansel v. Shell Oil Corporation</u>, 169 F.R.D. 303 (E.D. Pa. 1996).

10. <u>Sanctions - Fourth Circuit Four Part Test:</u>  Four factors must be considered in determining what sanctions to impose: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been

effective." Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003)(quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998)).

11. Sanctions - When Not Appropriate: Sanctions are not appropriate "When it has been established that failure to comply has been due to inability, and not wilfulness, bad faith, or any fault of the non-complying party." Wilson v. Volkswagon of Am., 561 F.2d 494, 503 (4th Cir. 1997).

12. Discovery - Limits - Claims of Privilege. A claim of privilege must be express and the nature of the communication, document or thing described with particularity. Fed. R. Civ. P. 26 (b)(5). The 1993 advisory committee notes to Rule 26(b)(5) state this section requires notification to other parties that a claim of privilege is being made. The advisory committee notes provide that withholding of material without notice is contrary to the rule, subjects the party to sanctions and may be viewed as a waiver. Rule 26.04(2) of the Local Rules of Civil Procedure provides detailed requirements for claims of privilege.

13. Discovery - Claims of Privilege - Waiver. The advisory committee notes to Rule 26(b)(5) of the Federal Rules of Civil Procedure make clear that failure to comply with the rule may constitute a waiver of privilege. When a party files a boiler plate objection, refuses to comply with the rule and the Court finds the request is not patently improper, finding waiver of privilege is appropriate. Pham v. Hartford Fire Ins. Co., 193 F.R.D. 659, 662 (D. Colo. 2000).

14. Discovery - Duty to Supplement. Once the discovery process has commenced, a party has "a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material

respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2).

15. <u>Discovery - Work Product</u>. "Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3).

16. <u>Work Product Doctrine - Applicable Law</u>. In "diversity cases, unlike the attorney client privilege, federal common law and the federal rules govern the application of the work product doctrine." <u>Bradley v. Sunbeam Corp.</u>, 2003 U.S. Dist. LEXIS 14451 *4 (N.D. W. Va. August 4, 2003); <u>Baker v. Gen. Motors Corp.</u>, 209 F.3d 1051, 1053 (8th Cir. 1999) (en banc). <u>Pyramid Controls, Inc. v. Siemens Indus. Automations</u>, 176 F.R.D. 269 (N.D. Ill. 1997).

17. <u>Discovery - Work Product Doctrine - Insurance Claim Files</u>. Because an

insurance company is in the business of investigating claims, investigatory files are normally prepared in the ordinary course of the insurance company's business although the files were prepared with an eye toward reasonably foreseeable litigation. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 536, 541 (N.D. W. Va. 2000); Video Warehouse of Huntington, Inc. v. Boston Old Colony Ins. Co., 160 F.R.D. 83, 85 (S.D. W. Va. 1994); State Farm Fire and Cas. Co. v. Perrigan, 102 F.R.D. 235, 237 (W.D. Va. 1984).

C.   Discussion

1. Plaintiff's First Set of Interrogatories

At the beginning of Defendant's supplemental responses to Plaintiff's first set of interrogatories dated 12/15/08, Defendant, notwithstanding the prior warning of the court, filed general objections which are not permitted responses under Fed. R. Civ. P. 33(b)(4). "The grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). "Mere recitation of familiar litany that interrogatory is 'overly broad, burdensome, oppressive, and irrelevant'" does not suffice as specific objection. Momah 164 F.R.D. at 417 (quoting Josephs 667 F.2d at 992).

Likewise, Defendant has filed general objections in the first sentence in response to Interrogatory No. 9, which are not permitted. Id.. The remaining objections, while more specific, are conclusory and do not give sufficient specifics to evaluate the objection and therefore are impermissible. "Objections to interrogatories should be sufficiently specific to the end that the Court may, in considering such objections with the interrogatory propounded, ascertain therefrom their claimed objectionable characted; that is, whether the interrogatory calls

9

for matter that is relevant to the subject matter involved in the pending action, is privileged, or oppressive or vexatious. Boysell Co. v. Hale, D.C., 30 F. Supp. 255. Cyclopedia of Federal Procedure, 2nd Ed., Vol. 6, Sections 2762 and 2986. The reason therefore is that the Court is not required to sift each interrogatory to determine the usefulness of the answer sought. The burden is upon the objector to show that the answer is privileged, not relevant or in some other way, is not the proper subject to an interrogatory. Blanc. v. Smith, D.C., 3 F.R.D. 182. In determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility in evidence of the answers, but only to determine the relevancy of the information sought to the subject matter in the pending action. Bowles v. Safeway Stores, 4 F.R.D. 469, 470 (W.D. Mo. 1945). The Court finds that Plaintiff's Interrogatory No. 9 seeks relevant information to the instant case. All said objections are overruled and Defendant is ordered to answer interrogatory No. 9 fully and completely within eleven days from the date of this Order.

2. Plaintiff's First Set of Requests for Production of Documents

In Defendant's response to Interrogatory No. 2, it states that it issued insurance to Weirton Steel Corp. for one year policy periods for the period May 1, 1994 through May 1, 2004. In its response to every document request related to the Predecessor Policies, as defined in the discovery requests, Defendant responded as follows:

> "[Defendant] will produce non-privileged, relevant documents from its underwriting files for the policies issued to Weirton for the policy periods commencing with the May 1, 1994 to May 1, 1995 policy and terminating with the May 1, 2003 to May 1, 2004 policy. To date, Zurich has located its underwriting files for the May 1, 2003 to May 1, 2004 policy, as well as the May 1, 2001 to May 1, 2002 policy, which Zurich will produce. Zurich's efforts are ongoing to locate and retrieve additional files that may contain responsive

documents. Given the age of these files, they have been archived in various facilities in the United Kingdom and have not yet been located. Zurich states that it will supplement its production when those files are located and retrieved."

The Court finds this to be unresponsive to Plaintiff's request. Initially, the Court notes that the Defendant has asserted no basis for any potential privilege protecting the Predecessor Policies from discovery. "A claim of privilege must be express and the nature of the communication, document or thing described with particularity." Fed. R. Civ. P. 26(b)(5). Furthermore, L. R. Civ. P. 26.04(a)(2)(A)(ii) provides that the following information shall be provided in the objection: (1) the type of document; (2) the general subject matter of the document; (3) the date of the document; and (4) such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addresses of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other.

Moreover, the Court does not see how any legal or factual argument could be made to support any assertion of privilege as it relates to the Predecessor Policies. The requested policies are not confidential, nor are they protected by the attorney-client privilege or the work-product doctrine. It is well settled law in the Fourth Circuit that a document created in the ordinary course of business is not created under the anticipation of litigation and, therefore, is not protected by the work-product doctrine. Kidwiler v. Progressive Paloverde Insurance Co., 192 F.R.D. 536, 542 (N.D. W.Va. 2000). See also Front Royal Ins. Co. v. Gold Players, Inc., 187 F.R.D. 252, 257 (W.D. Va. 1999) ("[T]he work-product doctrine does not protect from production those documents...created or gathered in the ordinary course of investigating this claim."). The Predecessor Policies at issue in this case were created in the ordinary course of

11

business and are therefore discoverable.

Defendant asserts that it will produce "relevant" documents. Unfortunately for Defendant, it does not have the final say whether the documents requested are relevant. The test for relevance is whether the information sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court finds that the Predecessor Policies meet this test.

Plaintiff's request was first served on July 15, 2008. The Court finds that six months is more than enough time to locate and produce the requested policies. The Court finds that Plaintiff's requests relating to the Predecessor Policies seek relevant information. Defendant is ordered to produce all predecessor policies and all documents and communications related to them within eleven days from the date of this Order.

Defendant continues to stonewall discovery in a manner this Court finds inappropriate and in violation of the Federal Rules of Civil Procedure. Despite being given a second chance to respond to discovery, Defendant has intentionally and willfully failed to comply with the Court's Order dated November 26, 2008.

D.  Decision

Plaintiff's Motion to Compel is **GRANTED**. Defendant shall respond to Interrogatory No. 9 fully, completely, specifically and in detail under oath within eleven (11) days from the date of this Order. Furthermore, Defendant shall produce every document related to the Predecessor Policies within eleven (11) days from the date of this Order.

Counsel for Plaintiff shall file an affidavit of reasonable expenses, including attorneys'

fees, related to both its first and second motions to compel within fourteen days from the date of this Order. The affidavit shall include the attorneys' fees and expenses for only one lawyer for each service rendered except that the affidavit may also include the time and expense for local counsel in attending scheduled court hearings.

Counsel for Defendant shall file any response to the affidavit of Plaintiff's counsel within 28 days from the date of this Order.

Defendant and counsel for Defendant shall be given an opportunity to be heard concerning the awarding of reasonable expenses and sanctions at 11 a.m. Friday, February 27, 2009 in the Magistrate Judge Courtroom, Room 433, Fourth Floor, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia. Ms. Vollweiler must appear in person at the hearing. Affiant Garry Atkins must appear in person at the hearing. In addition, either the highest ranking executive officer or legal officer of Defendant whose office is located within the United States of America must appear in person at the hearing. Ms. Vollweiler shall designate who that person is in her response to the affidavit of reasonable expenses of counsel for Plaintiff.

Filing of objections does not stay this Order. Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear

*pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 23, 2009

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE