IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEIRTON STEEL CORPORATION
LIQUIDATING TRUST,

    Plaintiff,

v.                                             Civil Action No. 5:07CV122
                                                                      (STAMP)

ZURICH SPECIALTIES LONDON, LTD.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
ZURICH SPECIALTIES LONDON, LTD.'S
MOTION TO PARTIALLY STAY
MAGISTRATE JUDGE SEIBERT'S JANUARY 23, 2009 ORDER
AND GRANTING ZURICH SPECIALTIES LONDON, LTD.'S
MOTION TO EXCEED PAGE LIMIT OF LOCAL RULE 7.02(a)**

I. Background

Discovery in this civil action commenced on January 28, 2008, with the entry of a scheduling order outlining the discovery process. Since the entry of that order, a number of discovery disputes have arisen between the parties. The most recent dispute involves the first set of interrogatories and requests for production of documents served by plaintiff Weirton Steel Corporation Liquidating Trust ("Weirton") on defendant Zurich Specialties London, Ltd. ("Zurich") on July 15, 2008.

Pursuant to an order of reference, this discovery dispute was referred to United States Magistrate Judge James E. Seibert. An evidentiary hearing and argument was held before the magistrate judge regarding Weirton's motion to compel. Magistrate Judge Seibert then issued a memorandum opinion and order granting

Weirton's motion to compel. Zurich filed objections to the discovery order of the magistrate judge.[1] Contemporaneously, Zurich filed a motion to partially stay Magistrate Judge Seibert's January 23, 2009 order. Specifically, Zurich asks this Court to (1) stay the portion of the magistrate judge's order requiring a hearing to be held on attorneys' fees and sanctions on February 27, 2009; (2) stay the portion of the magistrate judge's order requiring Zurich to produce an officer at the February 27, 2009 hearing; and (3) stay the portion of the magistrate judge's order requiring Zurich to disclose all predecessor policies and produce "all documents and communications related to them." To date, the plaintiff has not filed a response to Zurich's motion to partially stay Magistrate Judge Seibert's January 23, 2009 order.[2]

For the reasons set forth below, this Court finds that Zurich's motion to partially stay Magistrate Judge Seibert's January 23, 2009 order is granted in part and denied in part.[3]

---

[1]This Court is aware that there are other motions pending in this civil action, including Zurich's motion pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. These objections will be ruled upon by this Court in a separate order.

[2]This Court notes that the plaintiff is not required to file a response to Zurich's motion to stay Magistrate Judge Seibert's January 23, 2009 order.

[3]In filing its motion to stay the magistrate judge's January 23, 2009 order, Zurich also filed a motion for leave to file its motion in excess of the page limitations mandated under Rule 7.02 of the Local Rules. For good cause shown, Zurich's motion to exceed page limits is granted.

II. Applicable Law

As stated in the magistrate judge's order, "[f]iling of objections does not stay this Order." (Mag. J. Order at 13.) A motion to stay proceedings is not expressly provided for by the Federal Rules or by statute, although a district court has the inherent discretion to recognize such a motion under its general equity powers. Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). While recognizing this power, the United States Court of Appeals for the Fourth Circuit has observed that "it is not, however, without limitation." Id. "[P]roper use of this authority," the Court of Appeals explained, "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Id. (quoting Landis v. North American Co., 299 U.S. 248, 254-55 (1936)). The party seeking the stay must demonstrate "a clear case of hardship or inequity, if there is even a fair possibility that the stay would work damage on another party." Gold v. Johns-Manville Sales Corp., 723 F.2d 1075-76 (3d Cir. 1985) (internal citations and quotations omitted).

III. Discussion

A. February 27, 2009 Hearing

In its motion to stay, Zurich requests that this Court stay those portions of the magistrate judge's January 23, 2009 order that require a hearing to be held on attorneys' fees and sanctions, currently scheduled for February 27, 2009. Zurich claims that such

3

a hearing is premature pending the resolution of its appeal under Federal Rule of Civil Procedure 72(a).

This Court has reviewed the magistrate judge's order, Zurich's motion to stay, and the applicable law. Upon consideration, this Court finds that the magistrate judge's order is neither clearly erroneous nor contrary to law with respect to the February 27, 2009 hearing regarding attorneys' fees and sanctions. Zurich has failed to demonstrate the requisite hardship to entitle it to a stay of those portions of the magistrate judge's order. Therefore, Zurich's motion to stay portions of the magistrate judge's January 23, 2009 order requiring a hearing to be held on attorneys' fees and sanctions is denied.

B.  <u>Attendance of Zurich Officer at February 27, 2009 Hearing</u>

Zurich requests that this Court stay the portion of the magistrate judge's January 23, 2009 order requiring Zurich to produce an officer at the February 27, 2009 hearing because Zurich would be required to fly an additional person in from the United Kingdom to comply with the order.

This Court notes that on February 5, 2009, Zurich filed a letter addressed to Magistrate Judge Seibert requesting his reconsideration of the January 23, 2009 order, particularly that Zurich be relieved from its obligation to produce an additional executive or legal officer for the February 27, 2009 hearing. Magistrate Judge Seibert construed that letter as a motion for reconsideration. Because this issue concerning an additional

officer's presence at the February 27, 2009 hearing is properly before the magistrate judge upon Zurich's motion for reconsideration, this Court holds that a stay on this portion of the magistrate judge's January 23, 2009 order is not warranted at this time. Accordingly, Zurich's motion to stay the portion of the magistrate judge's order requiring Zurich to produce an officer at the February 27, 2009 hearing is denied.

C. Document Disclosure

Zurich argues in its motion to stay the magistrate judge's order that certain documents that the magistrate judge ordered compelled are protected by the attorney-client privilege, work product privilege, and/or other applicable privileges, and therefore, should not be subject to disclosure until this Court's resolution of Zurich's contemporaneously-filed objections and its in camera review of such documents.

>The Federal Rules of Civil Procedure provide that:
>
>Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1) (emphasis added). The Federal Rules of Evidence further provide that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State

law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." Fed. R. Evid. 501. Thus, West Virginia law governs the application of attorney-client privilege in this case. In <u>State ex rel. Med. Assurance v. Recht</u>, 213 W. Va. 457 (2003), the West Virginia Supreme Court of Appeals held that the attorney-client privilege "'extends to protect communication between the attorney and the agents, superiors, or attorneys in joint representation.'" <u>Id.</u> at 466 (quoting <u>State ex rel. John Doe v. Troisi</u>, 194 W. Va. 28, 36 (1995) (citations omitted)).

The work product rule is governed by Federal Rule of Civil Procedure 26, which states in pertinent part:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
>     (i) they are otherwise discoverable under Rule 26(b)(1); and
>
>     (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3).

Upon review, this Court finds that Zurich has provided justifying circumstances that weigh in its favor more heavily than the potential harm to the plaintiff to justify a stay of portions

of Magistrate Judge Seibert's January 23, 2009 order requiring Zurich to disclose all predecessor policies and produce "all documents and communications related to them" in response to Weirton's document demand number two.  Without deciding whether any claims of privilege or work product are waived, this Court finds that it would be beneficial for Magistrate Judge Seibert to conduct an in camera review of the documents and communications and submit a report and recommendation to this Court on the matter.

This Court notes that Zurich has objected to the magistrate judge's order to produce arguably protected materials and depending on this Court's ruling, the documents may be found to be protected by the attorney-client privilege, the work product doctrine, or other applicable privileges.  This period of stay will provide this Court with the opportunity to review the record and the objections filed by Zurich.  In addition, the plaintiff will not suffer any unfair prejudice.  The granting of this stay on this issue does not, of course, indicate in any way this Court's feelings at this time as to the objections made by Zurich.  Accordingly, this Court stays the applicable portion of the magistrate judge's January 23, 2009 order requiring Zurich to disclose all predecessor policies and produce "all documents and communications related to them" until such time as Magistrate Judge Seibert conducts the in camera review and submits a report and recommendation to this Court, and this Court considers the matter further.

IV. Conclusion

For the above-stated reasons, Zurich's motion to partially stay the magistrate judge's January 23, 2009 order is GRANTED IN PART and DENIED IN PART. The portion of Magistrate Judge Seibert's January 23, 2009 order requiring Zurich to disclose all predecessor policies and produce "all documents and communications related to them" is hereby STAYED until this Court receives a report and recommendation on the issue and considers the matter further. Magistrate Judge Seibert is ORDERED to conduct an in camera review of the documents and communications and submit a report and recommendation to this Court regarding whether such documents and communications are protected by applicable privileges. Zurich's motion to stay concerning those portions of Magistrate Judge Seibert's January 23, 2009 order requiring a hearing regarding attorneys' fees and sanctions to be held, as well as ordering an additional Zurich officer to be present at that hearing, currently scheduled for February 27, 2009, are hereby DENIED. Furthermore, Zurich's motion for leave to file its motion to partially stay in excess of the page limitations is GRANTED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to United States Magistrate Judge James E. Seibert.

DATED:     February 12, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE